# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 96 CR 511-1 |
| ) | |
| **WATKETA VALENZUELA**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

More than a decade and a half ago this Court's colleague Honorable George Marovich sentenced major drug dealer Watketa Valenzuela ("Valenzuela") to a 360 month term of imprisonment on charges involving the distribution of crack cocaine. Now Valenzuela, through his original attorney, seeks a reduction in that sentence based on the recent amendments to the Sentencing Guidelines that lowered the base offense levels applicable to crack offenses -- and with Judge Marovich (like this Court) having taken senior status and (unlike this Court) having exercised his constitutional right to opt out of such criminal matters, the case has been randomly assigned to this Court's calendar.

This Court does not at all deprecate the seriousness of Valenzuela's effort to get out from under such a heavy sentence, and the applicable statute and the very recent Guidelines amendment appear on the surface to authorize judicial relief. Here is 18 U.S.C. § 3582(c):

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such reduction is

> consistent with applicable policy statements issued by the Sentencing
> Commission.

And here is Guideline § 1B1.10 that took effect on November 1, 2011 and was made applicable retroactively to defendants serving sentences based on crack distribution:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c).

But in this instance the United States has shown that the potential application of that Guideline does not extend to Valenzuela's sentence, because the quantity of crack for which he was responsible was well in excess of the 8.4 kilogram limit to which the recent change extends. As the United States' responsive memorandum and Judge Marovich's sentencing hearing transcript reflect, the evidence before him -- both as to the chemical makeup of the cocaine base and as to the quantity of crack for which Valenzuela has responsibility -- involved more than 10 kilograms of crack (indeed, perhaps as much as 22 kilograms).

Although the language of the indictment before Judge Marovich did not require that he make a specific finding as to the quantity of crack involved (the then-existing Guidelines applied to any quantity of 1.5 kilograms or more), this Court's responsibility at this point has been spelled out last year in United States v. Davis, 682 F. 3d 596, 612 (7th Cir. 2012):

> Additionally, contrary to Davis' contentions, the district court was required to determine the amount of crack cocaine attributable to Davis in order to adjudicate his § 3582(c)(2) motion. *See United States v. DeWayne Hall*, 600 F. 3d 872, 877 (7th Cir. 2010) (hereinafter "*DeWayne Hall*"). Nothing prevents a district court from making new findings of fact when ruling on a § 3582(c)(2) motion, so long as those findings are not inconsistent with the those made at the original sentencing. *United States v. Duncan*, 639 F. 3d 764, 767-68 (7th Cir. 2011) (quoting *United States v. Woods*, 581 F. 3d 531, 538 (7th Cir. 2009) and *DeWayne*

*Hall*, 600 F. d at 876). Indeed, new findings are often necessary where, as here, retroactive amendments have altered the relevant drug-quantity thresholds for determining a defendant's base offense level. *DeWayne Hall*, 600 F. 3d at 876 (citing *Mark Hall*, 582 F. 3d at 819). In adjudicating a § 3582(c)(2) motion, a district court may consider the record as a whole, including the defendant's motions, the government's responses, and any addenda to the PSRs explaining the scope of a drug trafficking conspiracy before reaching a conclusion on the drug quantity attributable to a defendant. *Woods*, 581 F. 3d at 539; *see also DeWayne Hall*, 600 F. 3d at 876.

That analysis adheres to the teaching in Dillon v. United States, 130 S.Ct. 2683, 2691-92 (2010).

This Court has independently conducted the review and analysis mandated by Dillon and Davis, and that review and analysis amply confirm what the probation officer who drafted Valenzuela's original presentence investigation report stated back in 1996:

> Based upon a conservative estimate of 30 sales per hour of .1 gram of crack per sale, the amount sold over the period of the conspiracy results in over 10 kilograms of crack. This position is further supported by the fact that the co-conspirators sold 61 grams of crack to the undercover officer within 15 purchases during this period. In addition, the defendant's own post arrest statements reflect that he estimates drug proceeds of $15,000 to $20,000 per day during this period. This would translate into sales of 150 grams per day, or over 22 kilograms during the charged conspiracy.

In sum, Valenzuela's motion fails as a matter of law. Nothing in the Sentencing Guideline amendment that he seeks to call to his aid affects his original 360 month sentence, which must be and is reconfirmed here.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: January 8, 2013

---

[1] Nothing said in this opinion should be mistaken either as an endorsement or a criticism of Judge Marovich's sentence, which was imposed during the pre-Booker era in which the Sentencing Guidelines were understood to be mandatory rather than advisory. This Court cannot appropriately second-guess Judge Marovich's original decision.